UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA LIDIA GONZALEZ-GOOLEY, <br><br>  Plaintiff, <br><br>  v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, <br><br>  Defendant. | Case No. ED CV 13-810-SP <br><br><br><br> MEMORANDUM OPINION AND ORDER |

## I.

## **INTRODUCTION**

On May 7, 2013, plaintiff Olga Gonzalez-Gooley filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking review of a denial of Supplemental Security Income ("SSI") benefits. Both plaintiff and defendant have consented to proceed before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one disputed issue for decision: whether the Administrative Law Judge ("ALJ") erred in finding plaintiff's migraines to be non-severe.

1

Memorandum in Support of Plaintiff's Complaint ("Pl. Mem.") at 2.

Having carefully studied, inter alia, the parties' written submissions and the Administrative Record ("AR"), the court concludes that, as detailed herein, there is substantial evidence in the record, taken as whole, to support the ALJ's decision. Firstly, the ALJ properly determined plaintiff lacked objective medical evidence at step two. Secondly, even if the ALJ did err, such an error was harmless as the ALJ fully considered plaintiff's migraine symptoms when determining her residual functional capacity ("RFC"). Therefore, the court affirms the Commissioner's decision denying benefits.

## II.

## FACTUAL BACKGROUND

Plaintiff, who was forty-five years old on her alleged disability onset date, is a high school graduate. AR at 29, 122. Her past work experience includes positions as a telemarketer, door-to-door sales representative, and inventory clerk, and a collections clerk. AR at 48-49, 147-50.

On January 26, 2011, plaintiff filed an application for SSI alleging disability beginning on March 22, 2009 due to: brain tumor, tendonitis on hips, tumor on back growth, severe headaches, blurry vision, depression, anxiety, high blood pressure, high cholesterol, diabetes, lack of mobility in the arms, inability to lift arms, lack of concentration and focus, hypothyroidism, rheumatoid arthritis, and bleeding ulcers. AR at 122, 139.

On November 30, 2012, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. AR at 26-47. The ALJ also heard testimony from Gregory Jones, a vocational expert. AR at 48-56.

On January 24, 2013, the ALJ denied plaintiff's request for SSI benefits. AR 8-18. Applying the well known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff has not engaged in substantial gainful activity since her January 26, 2011 application date. AR at 10. While plaintiff did work after the

application date, it "did not rise to the level of substantial gainful activity." *Id*.

At step two, the ALJ found plaintiff suffers from the following severe impairments: bilateral shoulder impingement, low back strain, and degenerative joint disease of the hips.  AR at 10-13.

At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1.  AR at 13.

The ALJ then assessed plaintiff's RFC,[1] and determined she can perform sedentary work with the following limitations: stand and/or walk three hours out of an eight hour workday; occasionally balance, stoop, kneel, crouch, squat, and climb stairs; cannot climb ladders, ropes, and scaffolds; cannot work, at unprotected heights, around moving machinery or other hazards; precluded from bilaterally reaching overhead, but may frequently reach downward, and occasionally do bilateral extending reaching to the waist level; precluded from jobs requiring hypervigilance or intense concentration on a particular task; precluded from fast paced production or assembly line type work; and precluded from repetitive or constant pushing and/or pulling with her lower extremities.  AR at 13-17.

At step four, the ALJ found plaintiff was able to return to her relevant past work as a telemarketer and collections clerk.  AR 17-18.  The ALJ therefore found plaintiff was not disabled, as defined by the Social Security Act, since January 26, 2011.  AR at 18.

Plaintiff filed a timely request for review of the ALJ's decision, which was

---

[1] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

denied by the Appeals Council. AR at 1-4. The ALJ's decision stands as the final decision of the Commissioner.

## III.
## STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

Plaintiff contends the ALJ's determination at step two that "there were no medical signs or laboratory findings to substantiate the existence of" plaintiff's migraines was in error. Pl. Mem. at 3; *see* AR at 11. The court finds the ALJ's determination that there was no objective medical evidence supporting plaintiff's allegation of severe migraines to be supported by substantial evidence for the reasons set forth below.

The inquiry at step two is whether a claimant is suffering from a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii) & 416.920(a)(4)(ii). The step two inquiry is defined as "a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "Important here, at the step two inquiry, is the requirement that the ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe." *Id.* The ALJ is also "required to consider the claimant's subjective symptoms . . . in determining severity." *Id.*

"An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work." *Id.* (internal quotation marks and citation omitted). "[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28).[2] "[A]pplying our normal

---

[2] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the SSA. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with

standard of review to the requirements of step two, we must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [the claimant] did not have a medically severe impairment or combination of impairments." *Id.*  In addition, "'[i]f an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step.'" *Id.*  (quoting SSR 85-28).

In contending the ALJ erred at step two, plaintiff relies heavily on the 2009 reports of Dr. Jaffer, a board certified neurologist. Pl. Mem. at 3.  To establish a medically determinable physical or mental impairment, it must be supported by objective medical evidence, not only the plaintiff's statements.  *See* 20 C.F.R. 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms"); *see generally Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("The claimant carries the initial burden of proving a disability."). Therefore, "a medical opinion offered in support of an impairment must include 'symptoms [and a] diagnosis.'" *Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005).

In a series of letters to plaintiff's referring physician in 2009, Dr. Jafer reported that plaintiff repeatedly complained of severe headaches with vomiting and nausea.  AR at 258, 259, 261.  Plaintiff also reported headaches to other medical providers in 2009, 2010, 2011, and 2012.  AR at 263, 285, 334, 361, 382, 385, 477, 479, 494, 509, 511.  In addition, many of the medical records note plaintiff has a history of migraine headaches (AR at 561) or list migraine headaches as among plaintiff's many "active problems." AR at 276, 286, 495, 501, 506, 511.

---

the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001) (internal citations omitted).

But these records simply reflect plaintiff's own subjective complaints, and are accorded little weight for a medically determinable condition. *See Ukolov*, 420 F.3d at 1006 ("These portions of the records do not support a finding of impairment because they are based solely on [plaintiff's] own 'perception or description' of his problems."); 20 C.F.R. §§ 404.1528(a)-(b), 416.928(a)-(b)).

While Dr. Jaffer did note plaintiff's brain lesion without edema or mass effect, he offered no medical diagnosis. AR at 262; *see Ukolov*, 420 F.3d at 1006 (holding claimant had failed to meet his burden of establishing disability where none of the neurological medical opinions he presented included a diagnosis or a finding of impairment). The records also sometimes show an "assessment" that plaintiff suffered from migraine headaches or simply headaches among other ailments. AR at 264, 265, 286, 496, 511. But these "assessments" that appear on the printouts of plaintiff's chart from Orangecrest Medical Clinic appear to be simply a record of conditions for which plaintiff has been treated rather than anything approaching a medical diagnosis. Other records show Dr. Jaffer and others had only an "impression" of severe headaches or "possible migraine" or migraine headache. AR at 259, 262, 364, 385. But nothing in the record indicates plaintiff was ever actually diagnosed with migraines resulting from these impressions. Without more, this does not constitute "objective medical evidence" as required by 20 C.F.R. § 416.908. Accordingly, the court finds the ALJ's determination that plaintiff's claimed severe migraine impairment lacked "objective medical evidence" to be supported by substantial evidence in the record.

Even if the ALJ had erred in not finding plaintiff's migraines to be a severe impairment, such error would have been harmless. As recounted above, the ALJ resolved step two in plaintiff's favor, finding that plaintiff suffered from other severe impairments, and therefore continued with the five-step analysis. As such, any error by the ALJ in determining precisely which components of plaintiff's impairment are severe was harmless. See *Burch*, 400 F.3d at 682 (any error by ALJ

at step two was harmless because the step was resolved in plaintiff's favor).

Had the ALJ not considered plaintiff's headaches in assessing her RFC, any error would not have been harmless. See SSR 96-8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individua''s impairments, even those that are not 'severe.'"). But in assessing plaintiff's RFC, the ALJ here stated she had considered all of plaintiff's symptoms, and specifically noted that plaintiff's headaches were among the impairments plaintiff claimed precluded her from working. AR at 13-14. The ALJ also noted that headaches were among plaintiff's chief complaints to examining physician Gabriel Fabella, M.D. AR at 15. It is true that the ALJ largely rejected plaintiff's credibility with respect to her complaints, but plaintiff does not challenge this finding.

In sum, the court finds the ALJ did not err at step two, but that even if the ALJ had erred, any error would have been harmless.

## V.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing this action with prejudice.

DATED: May 29, 2014

SHERI PYM
United States Magistrate Judge